IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BETHANY V. BOWEN, | Case No. 4:07CV3221 |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| HONORABLE JEFFRE CHEUVRONT,[1] in his official capacity as Justice of the District Court for the State of Nebraska, | |
| Defendant. | |

The plaintiff has filed a very unusual lawsuit that seeks to interject this court into the ongoing administration of a pending state criminal prosecution. The plaintiff alleges that she is a victim of sexual assault, that Pamir Safi has been charged with that assault in a Nebraska court, and that the Honorable Jeffre Cheuvront, a Nebraska district judge, wrongly issued an order in the Safi prosecution "forbidding all witnesses [from using] the words: 'rape', 'victim', 'assailant', 'sexual assault kit' and 'sexual assault nurse examiner.'" (Filing 1, Complaint ¶¶ 1, 8.) Requesting "an expedited bench trial," the plaintiff seeks an order "declaring that the defendant herein has acted in violation of the federal constitution." (Filing 1, "Demands for Judgment," ¶ 1 at CM/ECF p. 8.)

There is something profoundly disturbing about the notion that a federal judge has the power to tell a state judge how to do his job, particularly when that state judge

---

[1] When the plaintiff opened this case, it appears that she misspelled the judge's name on the docket sheet. That is, she spelled his last name "Chevront."

is presumably trying to do nothing more than protect the rights of a citizen who may have been wrongly accused of rape.[2] In this regard, I have serious concerns about forcing Judge Cheuvront to defend himself while also presiding over the state criminal case. Thus, and until I am satisfied that progression of this case is appropriate, I shall not require the judge to answer or otherwise respond to the plaintiff's complaint until I order otherwise.[3]

More importantly, I have serious reservations about whether this action was commenced for the improper purpose of forcing Judge Cheuvront to recuse himself from presiding over the state criminal matter or for the improper purpose of generating pretrial publicity about the plaintiff and the criminal case. Still further, I seriously doubt whether the plaintiff's suit has any legal basis whatsoever. For example, and not by way of limitation, I cannot find any precedent for a suit of this kind and the plaintiff could avoid any "injury" whatsoever by simply electing not to testify or, if subpoenaed, by invoking her Fifth Amendment privilege.

As a result, I shall order the plaintiff and her counsel to show cause why I should not conclude that (a) the complaint was filed for an improper purpose and (b) the claims and legal contentions set forth in the complaint are not warranted by

---

[2]This also strikes me as insufferably arrogant and, unfortunately, all too typical of the thinking of those who view the federal courthouse as the proper forum for the advancement of their particular brand of gender politics. That said, there is also something profoundly disturbing about a judge telling a citizen that she cannot say she was raped when testifying as a victim in a criminal case, particularly when the victim is presumably trying to do nothing more than describe what happened to her. This brings to mind the blue burkas of a distant place. *See* Asne Seierstad, *The Bookseller of Kabul* (Back Bay Books 2004).

[3]Of course, the judge may answer or otherwise respond if he wishes to do so.

existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. *See* Federal Rule of Civil Procedure 11(a), (b) & (c)(1)(B); *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) ("A district court may impose Rule 11 sanctions on its own initiative, but it must first enter an order describing the specific conduct that appears to violate Rule 11(b), and direct the attorney to show cause why he has not violated the rule.").

I warn the plaintiff and her counsel that sanctions may be imposed for failure to show cause. *See* Federal Rule of Civil Procedure 11(c). Sanctions may include dismissal of this case with or without prejudice, monetary sanctions, or such other sanctions as the court deems proper.

IT IS ORDERED that on or before the close of business on Tuesday, September 18, 2007, the plaintiff and her counsel shall show cause why I should not conclude that (a) the complaint was filed for an improper purpose and (b) the claims and legal contentions set forth in the complaint are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Judge Cheuvront shall not be obligated to answer or otherwise respond to the plaintiff's complaint until I order otherwise.

September 10, 2007.                                BY THE COURT:

                                                                    s/*Richard G. Kopf*
                                                                    United States District Judge